E-FILED
Friday, 01 June, 2018 05:09:10 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| DONNA HOGLE, *as Administrator of the Estate of Patrick A. Regan, Deceased*,<br><br>Plaintiff,<br><br>v.<br><br>JOHN BALDWIN, *Illinois Department of Corrections Director*, MELVIN HINTON, WEXFORD HEALTH SOURCES, INC., GUY PIERCE, *Pontiac Correctional Center Warden*, LINDA DUCKWORTH, STEPHEN LANTERMAN, KELLY HAAG, REZWAN KAHN, UNKNOWN EMPLOYEES OF ILLINOIS DEPARTMENT OF CORRECTIONS, UNKNOWN MEDICAL DIRECTOR OF PONTIAC CORRECTIONAL CENTER<br><br>Defendants. | Case No. 1:17-cv-01059-JBM-JEH |

## ORDER & OPINION

The matter is before the Court on Defendant John Baldwin's Motion for Judgment on the Pleadings and to Stay Discovery. (Doc. 45).[1] For the reasons explained below, Baldwin's motion is GRANTED in part and DENIED in part.

### BACKGROUND

While an inmate in the custody of Pontiac Correctional Center ("Pontiac") located in Pontiac, Illinois, Patrick A. Regan hanged himself in his cell on February

---

[1] In her Second Amended Complaint filed October 23, 2017, Plaintiff again alleges claims against all Defendants as initially plead. (Doc. 29). The remaining Defendants have not yet challenged the Second Amended Complaint despite the uncertainty inherent in group allegations where there are multiple Defendants. Arguably, this pleading technique even if allowed to pass muster only postpones the inevitable need to sort out the factual basis for the claims against each individual Defendant.

10, 2016. (Doc. 29, ¶ 1). Regan had previously been diagnosed with Post Traumatic Stress Disorder ("PTSD"), Bipolar Disorder, General Anxiety Disorder, Depression, and Borderline Personality Disorder, and at various times throughout his incarceration, was on a regimen of psychotropic medications. *Id.* at ¶2.

On February 8, 2017, Plaintiff Donna Hogle, as Administrator of the Estate of Patrick A. Regan, filed an eleven-count complaint against the Defendants.[2] Counts I-IV alleged violations of the Fourteenth Amendment under 42 U.S.C. § 1983 against the Illinois Department of Corrections (the "IDOC") Director John Baldwin, Chief of Mental Health Services for the IDOC Melvin Hinton, Unknown Medical Director of Pontiac, Wexford Health Sources, Inc. ("Wexford"), Pontiac Warden Guy Pierce, various individual Wexford employees, and Other Unknown Employees of the IDOC, for failing to (1) supervise Regan, (2) provide him with needed medical care, and (3) assess and treat Regan's mental health issues in a timely manner. (Doc. 2 at 13-23). Counts V-VII alleged violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12131-12134, and the Rehabilitation Act, against Baldwin, Hinton, Unknown Medical Director of Pontiac, and Wexford for failing and refusing to accommodate Regan's medical and mental health disabilities. *Id.* at 23-30. Count VIII alleged that Wexford is liable for damages under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), for failing to establish and/or implement policies, practices, and procedures to ensure that Pontiac inmates received

---

[2] On February 7, 2017, the Court entered an order striking Plaintiff's original complaint because it contained the names of individuals known to be a minor and original signatures. In compliance with Local Rule 5.11 and Federal Rule of Civil Procedure 5.2, Plaintiff filed a redacted Amended Complaint on February 8, 2017. (Doc. 2).

appropriate medical care. *Id.* at 31-32. Finally, Counts IX-XI alleged wrongful death claims under Illinois law against Baldwin, Hinton, Unknown Medical Director of Pontiac, and Wexford. *Id.* at 32-37.

On September 18, 2017, the Court granted the Defendants' Motions to Dismiss (Docs. 7, 13), and granted Plaintiff leave to amend certain claims. (Doc. 24). Pertinent to the instant motion, the Court held in its September 18, 2017, Order & Opinion that "to the extent Plaintiff seeks damages from Baldwin" in his "official capacity, . . . § 1983 does not permit such an action." (Doc. 24 at 8). The Court further denied Plaintiff's request to amend her § 1983 claims against Baldwin in his official capacity "because Regan is deceased and necessarily no longer in IDOC or Pontiac custody," so "prospective injunctive relief is not available" against Baldwin in his official capacity. *Id.* The Court also held that it lacked jurisdiction over Plaintiff's wrongful death claim against Baldwin because the Illinois Court of Claims possesses exclusive jurisdiction over all tort claims brought against the State or its agencies. *Id.* at 10. Although, Plaintiff was granted leave to amend her wrongful death claim. *Id.* at 11.

On October 23, 2017, Plaintiff filed a Second Amended Complaint (Doc. 29) alleging claims under the ADA, Rehabilitation Act and Illinois Wrongful Death Act against Baldwin (in addition to her claims against the other Defendants). On April 30, 2018, Baldwin filed a Motion for Judgment on the Pleadings and to Stay Discovery (Doc. 45), arguing that "Plaintiff cannot obtain any relief under 42 U.S.C. § 1983 from Baldwin in his official capacity," and "[s]tatutory sovereign immunity deprives this Court of jurisdiction over the tort claims against defendant Baldwin." (Doc. 45 at 3-

3

4). Plaintiff filed a response (Doc. 54) on May 29, 2018, which will be discussed in more detail below. Thus, this matter is ripe for decision.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer. FED. R. CIV. P. 12(c); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). "A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations are accepted as true at the pleading stage, but 'allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion.'" *Adams*, 742 F.3d at 728 (quoting *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir.2012) (citing *Iqbal*, 556 U.S. at 678)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[T]he court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). The Court will grant a Rule 12(c) motion only if "it appears

beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

**DISCUSSION**

At the outset, the Court notes that Defendant's first argument is confusing. Defendant specifies that he is entitled to judgment on the pleadings as to Counts II and IV of the Amended Complaint. "Count II is a claim against John Baldwin pursuant to the ADA and Rehabilitation Act," and "Count IV is a 'State Claim for Wrongful Death' against Baldwin pursuant to Illinois state law". (Doc. 45 at 2). Defendant then goes on to argue that "Plaintiff cannot obtain any relief under 42 U.S.C. § 1983 from Baldwin in his official capacity." *Id.* at 3. Strangely, Defendant does not make any arguments whatsoever concerning Plaintiff's ADA and Rehabilitation Act claims. Even stranger, Plaintiff responds and *concedes* that she "cannot seek relief against [Baldwin][] in his official capacity through her claims pursuant to the ADA and Rehabilitation Acts". (Doc. 54 at 3). Plaintiff asks for leave to amend and seek relief against Baldwin in his individual capacity for these claims.

In its September 18, 2017, Order & Opinion the Court already ruled that the Eleventh Amendment barred Plaintiff from seeking money damages from Baldwin in his official capacity under § 1983. (Doc. 24 at 7-8). The Court also ruled that Plaintiff had brought ADA and Rehabilitation Act claims against "the proper defendant, Baldwin, in his official capacity as director of the IDOC." *Id.* at 9. There is no personal liability under the ADA or the Rehabilitation Act, *Stanek v. St. Charles Cmty. Unit*

5

*Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015), so Plaintiff could not seek relief against Baldwin in his individual capacity for these claims. Because Plaintiff is not suing the IDOC, Baldwin in his official capacity as Director of the IDOC, is the proper defendant and Plaintiff's request to amend her claims is denied.

To the extent Baldwin argues that Plaintiff's ADA and Rehabilitation Act claims against him are barred by Eleventh Amendment sovereign immunity, Baldwin is incorrect. "Illinois has waived its immunity from suits for damages under the Rehabilitation Act as a condition of its receipt of federal funds. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 n.5 (7th Cir. 2012) (citing *Stanley v. Litscher,* 213 F.3d 340, 344 (7th Cir.2000)). As to the Title II ADA claim, "where the state's conduct is alleged to violate both the Constitution and the ADA, a state is not immune from suit under the Eleventh Amendment." *Johnson v. Godinez*, No. 13-2045, 2015 WL 135103, at *7 (N.D. Ill. Jan. 9, 2015); *see United States v. Georgia*, 546 U.S. 151, 159 (2006) (Eleventh Circuit erred in dismissing Plaintiff's Title II claims that were based on unconstitutional conduct). Here, not only does Plaintiff allege that Regan suffered from a mental health disability and was discriminated against because of his disability by Baldwin and his employees, (Doc. 29 at 14-16), but Plaintiff also alleges that Baldwin "was aware that there was not sufficient mental health staff at Pontiac Correctional Center to address the mental health needs of inmates suffering from severe symptoms and self-destructive behavior," and that he "was aware that correctional staff was untrained and prone to ignore mental health problems, frequently causing harm to inmates in their care." (Doc. 29 at 11). These allegations,

6

drawing all inferences in favor of Plaintiff, trigger possible Eighth Amendment violations, in addition to ADA violations. Therefore, Plaintiff's ADA claim also survives. *See Georgia*, 546 U.S. at 159 (explaining that if a Title II claim is premised on conduct that does not independently violate the Constitution, it is barred by the Eleventh Amendment).[3]

Baldwin also argues that this Court lacks jurisdiction over Plaintiff's state wrongful death claims against him. Under the Illinois State Lawsuit Immunity Act ("ISLIA"), 745 ILSC 5/0.01 *et seq.*, the State of Illinois "shall not be made a defendant or party in any court" except as provided in either the Illinois Public Labor Relations Act, 5 ILCS 315/1 *et seq.*, or the Illinois Court of Claims Act, 705 ILCS 505.1 *et seq.* 745 ILCS 5/1. The Court of Claims Act vests exclusive jurisdiction in the Court of Claims in all actions "against the State founded upon any law of the State of Illinois." 705 ILCS 505/8(a). "Under Illinois law, a claim against individual officers will be considered a claim against the state, even when . . . the officials are sued in their individual capacities, if 'judgment for the plaintiff could operate to control the actions of the State or subject it to liability.'" *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001) (citing *Currie v. Lao*, 148 Ill.2d 151, 158 (Ill. 1992)). "If the state law claim is deemed to be against the state, then it must be dismissed." *Id.*

"An agent's conduct will be attributed to the state for purposes of sovereign immunity if: '(1) [there are] no allegations that an agent or employee of the State

---

[3] Whether Plaintiff's ADA claim survives does not affect her suit, as relief under the ADA and the Rehabilitation Act is coextensive. *Jaros*, 684 F.3d at 672; *see Duran v. Town of Cicero, Ill.,* 653 F.3d 632, 639 (7th Cir.2011) (plaintiffs may have but one recovery); *Calero–Cerezo v. United States Dep't of Justice,* 355 F.3d 6, 11 n. 1 (1st Cir.2004) (dismissal of ADA claim had no effect on scope of remedy because Rehabilitation Act claim remained).

7

acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the facts of State employment; and (3) . . . the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State.'" *Id.* (citing *Healy v. Vaupel*, 133 Ill.2d 295, 308 (Ill. 1990)) (internal citations omitted). "Sovereign immunity affords no protection, however, when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority." *Id.* (citing *Healy*, 133 Ill.2d at 308).

Plaintiff's argument that Illinois law cannot limit a federal court's jurisdiction is misplaced. State sovereign immunity rules apply to state-law causes of action brought in federal court against state officials. *See Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003). The Court agrees with Defendant that Plaintiff's allegations against Baldwin do not suggest that Baldwin "acted beyond the scope of his authority through wrongful acts," but rather "involve matters ordinarily within" Baldwin's "normal and official functions of the state." Plaintiff alleges that Baldwin was responsible for carrying out the policies and procedures in the IDOC, and had a duty not to exhibit utter indifference to Regan's constitutional right to adequate medical care. (Doc. 29 at 5, 23). Baldwin's duty to provide constitutionally adequate medical care was not owed to the public generally independent of his employment. As such, the acts or omissions that Plaintiff complains of in the Amended Complaint involve Baldwin's duties as Acting Director of the IDOC. Baldwin's duties to Regan directly derived from his state employment, and therefore Plaintiff's wrongful death suit is

effectively one against the State. *See Jinkins v. Lee*, 807 N.E.2d 411, 421 (2004) (the duty of the physician toward the patient "emanate[d] from the standards imposed by the profession itself" rather than solely from the state employment such that state sovereign immunity did not apply); *Currie,* 592 N.E.2d at 981 ("sovereign immunity attaches only when a [s]tate employee is charged with breaching a duty imposed on him solely by virtue of his [s]tate employment"). Plaintiff's wrongful death claim against Baldwin is therefore barred, and must be brought in the Illinois Court of Claims.

The Court denies Plaintiff's request to amend her pleadings because the deadline for amending pleadings lapsed on March 23, 2018. (Doc. 37). Plaintiff prolonged the time since the amendment deadline lapsed when she asked for an extension of time to respond to Defendant's motion. (Doc. 49). Furthermore, Plaintiff has failed to show good cause under Rule 16(b)(4) for modifying the scheduling order. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

## Conclusion

Defendant John Baldwin's Motion for Judgment on the Pleadings and to Stay Discovery (Doc. 45) is GRANTED in part and DENIED in part. It is DENIED insofar as it seeks to dismiss Plaintiff's Rehabilitation Act and ADA claims against Baldwin. Those claims survive. It is GRANTED insofar as the Illinois Court of Claims is vested with exclusive jurisdiction over Plaintiff's wrongful death claim against Baldwin. Plaintiff's Illinois Wrongful Death claim against Baldwin (Count IV) is DISMISSED. Baldwin's request to stay discovery is DENIED as MOOT.

Entered this 1st day of June, 2018.

                                                  s/ Joe B. McDade
                                          JOE BILLY McDADE
                                  United States Senior District Judge