IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ESTATE OF PATRICK A. REGAN, by DEREK REGAN, as Administrator of the Estate and on behalf of the survivors, Robert Regan, Derek Regan, Riley Regan, and Hannah Regan,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN BALDWIN, as Director of the Illinois Department of Corrections, *et al.*,<br><br>    Defendants. | Case No. 1:17-cv-01059-JEH |

**Order**

Before the Court is a Motion for Leave to File a Motion Under Seal filed by the Plaintiff. For the reasons stated, *infra*, the motion is denied without prejudice. (D. 175).[1]

On October 19, 2020, the Plaintiff filed a Motion to take Deposition (D. 174), along with the Motion for Leave to File Document Under Seal, pursuant to Local Rule 5.10(A)(2), which seeks leave to file an exhibit under seal to the Motion to take Deposition. As a basis for the Motion for Leave to File Document Under Seal, the Plaintiff asserts the exhibit was marked as "Confidential" pursuant to this Court's Protective Order. (D. 58).

---

[1] Citations to the docket are abbreviated as "(D. __ at ECF p. __)."

1

As this Court's Standing Order provides, a party's designation of documents as confidential is not sufficient to establish that a document should be filed under seal. Specifically, this Court's Standing Order states:

> Parties should be mindful that whether a document may be filed under seal must be balanced with the "[ ] common law right of public access to judicial records." *U.S. v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989), *citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978). The Seventh Circuit has found that judicial records should be "open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter International, Inc. v. Abbott Labs*, 297 F.3d 544, 545 (7th Cir. 2002). The Seventh Circuit has noted that "[i]nformation that affects the disposition of litigation belongs in the public record *unless a statute or privilege justifies nondisclosure.*" *USA v. Maurice Foster*, 564 F.3d 852 (7th Cir. 2009)(emphasis added), *citing Baxter International Inc.*, 297 F.3d at 545-46.
>
> Accordingly, when seeking to file a document under seal, parties shall state with specificity the legal basis which allows the Court to seal the document. When possible, parties should seek to seal only those portions of a document which may properly be sealed by way of redaction.
>
> The parties cannot agree in a protective order to file under seal documents which otherwise do not meet the legal standards for filing a document under seal. The Court will strike any provision in a proposed protective order which seeks to limit the Court's authority to determine whether a document should be filed under seal.

(D. 33). This provision of the Court's Standing Order is consistent with Local Rule 5.10(A)(2), which requires that a motion for leave to file under seal "must include an explanation of how the document meets the *legal standards* for filing sealed documents." Local Rule 5.10(A)(2) (emphasis added). The Plaintiff's motion does not demonstrate how the exhibit meets the legal standards for documents which may appropriately be shielded from the public as a trade secret, privileged

2

communications, or other information protected from disclosure by statute. *See Baxter*, 297 F.3d at 545. Moreover, the Plaintiff's description of the document, which are the contents of Defendant Taylor Cool/Fortner's discipline file, do not suggest an obvious reason to the Court why such a document would fall within the narrow class of documents which should be sealed as a matter of law.[2]

Accordingly, the Motion to File Under Seal (D. 175) is denied. Pursuant to Local Rule 5.10(A)(4), the Plaintiff may file a renewed motion for Leave to File Under Seal demonstrating why filing the document under seal meets the legal standard for doing so. Should the Plaintiff file a renewed motion for leave to file under seal, it "should seek to seal only those portions of a document which may properly be sealed by way of redaction." (D. 33).

*It is so ordered.*

Entered: October 19, 2020

s/Jonathan E. Hawley<br>U.S. Magistrate Judge

---

[2] The Court understands the parties' interest in keeping confidential certain documents which might not meet the narrow legal standard for keeping such documents from the public. So long as those documents remain part of the discovery process between the parties and off the Court's docket, the public has no right to their disclosure, but "portions of discovery that are filed and form the basis of judicial action must eventually be released." *Union Oil Company of California v. Leavell*, 220 F. 3d 562, 568 (7th Cir. 2000).